**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| RICHARD S. TENPENNY,<br><br>Petitioner,<br><br>v.<br><br>CHAD PARTIN,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-CV-012-CLC-MJD |

**<u>MEMORANDUM & ORDER</u>**

Petitioner, an inmate confined in the Coffee County Jail, filed (1) a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that a warrant against him is invalid, and he has not received "fast and speedy" resolution of this parole revocation warrant [Doc. 2]; (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]; and (3) a motion to appoint counsel [Doc. 3]. As it appears that Petitioner cannot pay the filing fee, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Also, for the reasons set forth below, Petitioner's motion to appoint counsel [Doc. 3] will be **DENIED**, and this action will be dismissed.

## I. COUNSEL

Petitioner seeks appointment of counsel herein due to his inability to pay an attorney and lack of knowledge regarding the law [Doc. 3 p. 1]. The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the decision to appoint counsel for a federal habeas petitioner generally is within the discretion of the Court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). However, a district court must appoint counsel for a habeas corpus petitioner "where the interests of justice or

due process so require," *id.*; 18 U.S.C. § 3006A(a)(2), or where an evidentiary hearing is necessary. Rule 8(c), Rules Governing § 2254 Cases.

This is a fairly routine prisoner habeas corpus proceeding where Petitioner is not entitled to an evidentiary hearing, and the Court does not see any other reason to appoint counsel for Petitioner, especially as the petition will be dismissed for the reasons set forth below. Accordingly, Petitioner's motion to appoint counsel [*Id.*] is **DENIED.**

## II. PETITION

A court may grant a writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243. This review requires the court to dismiss the petition without a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"). A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a § 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

Also, while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Also, the Supreme Court has held that a federal court must refrain from interfering in a state criminal case where (1) the state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Younger v. Harris*, 401 U.S. 37, 43–45, 53–54 (1971). Accordingly, the Sixth Circuit has found that a federal court may rule on the merits of pretrial habeas corpus petitions only where (1) the petitioner sought a speedy trial and exhausted his available state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy concerns, or (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020).

It is apparent from the face of the petition that Petitioner has not exhausted his claims in any state court, as he states in his petition that he has only sought relief for his claims through jail administrative procedures [Doc. 2 p. 3–6]. Additionally, the only relief that Petitioner seeks in his petition is dismissal of the warrant against him [*Id.* at 8]. However, "pretrial habeas petitions generally cannot dismiss an indictment or prevent a prosecution . . . ." *Cox v. Bonner*, No. 2:23-CV-02497-JPM-TMP, 2024 WL 3402532, at *3 (W.D. Tenn. July 12, 2024) (quoting *Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. Nov. 2, 2021)). Moreover, nothing in the petition suggests that Petitioner has an extraordinary claim that warrants federal intervention into his

ongoing criminal state court proceedings. To the contrary, it appears that Petitioner may raise his claims in that criminal proceeding. For all these reasons, the petition will be **DISMISSED**.

## III. CERTIFICATE OF APPEALABILITY

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies for his claims, does not seek relief available through a habeas corpus petition, and has not presented an extraordinary claim warranting federal court intervention in his state criminal proceedings, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;
2. Petitioner's motion to appoint counsel [Doc. 3] is **DENIED**;
3. The petition for habeas corpus relief [Doc. 2] will be **DISMISSED without prejudice**;
4. A COA will not issue; and
5. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ ______________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**